## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PNC BANK N.A.,<br><br>Defendant. | Case No. 2:21-CV-00246-JRG |

**OPPOSED-IN-PART JOINT MOTION FOR ENTRY OF DOCKET CONTROL ORDER**

Plaintiff and Defendant (collectively, "the Parties") respectfully submit this Opposed-in-Part Joint Motion to Enter the Docket Control Order (the Proposed Docket Control Order with each Party's proposal attached hereto).

The Parties agree on the case schedule that should apply up until the *Markman* hearing, and respectfully request that the Court adopt the Parties' agreed schedule for those dates.[1] The Parties disagree on the *Markman* date and the schedule that should apply from the *Markman* hearing forward, and have submitted their respective proposals in one chart in Exhibit 1. The Parties' positions on their proposals are set forth below:

**USAA's Statement**

USAA respectfully submits that the Court should adopt USAA's proposed schedule.

PNC's proposal seeks to continue the Trial Date and Pretrial Conference Date set by the Court by

---

[1] The Parties have largely adopted the Court's proposed dates for this portion of the schedule, except for agreed modifications to the dates for P.R. 4-1, 4-2, and 4-3 disclosures that do not require good cause.

two weeks each. PNC also requests to change the *Markman* hearing date set by the Court. USAA's schedule, in contrast, adheres to the Trial Date, Pretrial Conference date, and *Markman* dates set by the Court.

USAA's proposal also follows the Court's provided pretrial dates, except that USAA has proposed two sets of modifications to work around the trial date in the co-pending case between the Parties (Case No. 2:20-cv-00319-JRG) ("*USAA-PNC I*"), which is set for April 18, 2022. First, USAA's proposal moves up the close of discovery and expert disclosures so they are completed before trial in *USAA-PNC I*. Second, USAA proposes to continue the dates for dispositive motion briefing and initial pretrial disclosures (which would otherwise fall immediately after the *USAA-PNC I* trial) by no more than one week. USAA submits that good cause exists for these minor modifications to avoid scheduling conflicts with the *USAA-PNC I* trial, and that moving these dates by one week will not materially shorten the Court's time to review dispositive motions.

PNC's schedule does not attempt to work with the dates set by the Court, and instead proposes to move the dates set by the Court for the Pretrial Conference and Trial to create an elongated schedule. However, USAA's proposed schedule already incorporates adjustments so that no deadlines will fall immediately before, during, or after the *USAA-PNC I* trial.[2]

---

[2] PNC complains about the expert deadlines in USAA's proposal, but identifies no specific conflict with any of them nor any alternative proposal based on the Trial and Pretrial dates set by the Court. Further, USAA's proposal modifies the expert disclosure and discovery dates so they do not occur during or immediately surrounding the *USAA-PNC* I trial. Also, while not relevant to the case schedule, PNC's assertion that USAA could have brought this suit as part of *USAA-PNC I* is inaccurate. USAA brought this lawsuit in part to address PNC's alleged re-design of its mobile deposit product, which PNC deliberately did not disclose until late May 2021 (after *USAA-PNC I* had been pending for eight months), making it impossible for USAA to bring this suit as part of the same action.

**PNC's Statement**

Good cause exists to postpone the Markman hearing by one week because lead trial counsel for Defendants has a long-planned vacation for the week of February 15, 2022, for which he made arrangements nearly one year ago.  USAA has not indicated that the delay would prejudice it, or provided any substantive reason to oppose the accommodation.

Good cause also exists to postpone the dispositive motion deadlines by three weeks and the trial-related deadlines by two weeks to reduce scheduling conflicts with the other disputes pending between the parties.  In particular, the same parties and counsel are scheduled to go to trial in *USAA-PNC I* in April 2022, with jury selection scheduled for April 18, 2022.  Under USAA's proposal, PNC will have to prepare rebuttal reports on non-infringement and damages in this case during the same period that it will be preparing for trial in *USAA-PNC I*, and expert depositions would then have to be completed either immediately before or immediately following trial in *USAA-PNC I*.  Given the time needed to review the expert reports and prepare for expert depositions, the expert depositions will in all likelihood be scheduled for the week immediately following the trial of *USAA-PNC I*.  To the extent the Court holds a bench trial on USAA's inequitable conduct allegations following the jury trial of *USAA-PNC I*, that bench trial would go forward at the same time that expert discovery would have to be completed in this case.

USAA's proposed schedule would unfairly prejudice PNC because the same trial team, the same in-house PNC attorneys, and, potentially, the same experts, would be required to divide their attention between the trial of *USAA-PNC I* and the defense of this action.  Expert disclosures and discovery are particularly critical to the defense of these cases.  For example, in the first *USAA v. Wells Fargo* trial, USAA briefly called one fact witness, then spent the vast majority of trial

presenting testimony from three expert witnesses.  PNC should have a full and fair opportunity to respond to USAA's expert disclosures and to depose USAA's experts, without having to detract from its defense of USAA's claims in *USAA-PNC I*.

The modest continuance of trial sought by PNC would not prejudice USAA.  Again, USAA has provided no substantive reason to oppose the continuance, other than that it conflicts with the Court's schedule.  Furthermore, USAA has chosen to assert successive waves of patents against PNC.  The first three waves (two patents in September 2020, two patents in December 2020, and two patents in March 2021), are now set to be tried together in April 2022.  The additional three patents that USAA asserted in this action in July 2021 all issued *before* USAA's first lawsuit against PNC, and are all asserted against PNC's product both before and after its re-design.  USAA could have chosen to assert these patents in its initial lawsuit and bring them to trial in April 2022; instead, USAA waited more than ten months to assert them in a separate lawsuit.  Given that substantial delay, USAA cannot now claim to be prejudiced by a modest two-week continuance of the trial date for these patents.

Respectfully submitted,

Dated: October 13, 2021

*/s/ Robert Christopher Bunt*
Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
Ingrid M. H. Petersen (CA #313927) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.:  (310) 203-7096

4

Fax:  (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com
ipetersen@irell.com

Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED
SERVICES AUTOMOBILE ASSOCIATION
(USAA)**


*/s/ Peter Gratzinger (with permission)*
Melissa R. Smith
Texas State Bar No. 24001351
GILLAM SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

Gregory P. Stone (CA #78329) (*pro hac vice*)
Eric P. Tuttle (CA #248440) (*pro hac vice*)
Blanca F. Young (CA #217533) (*pro hac vice*)
Adam R. Lawton (CA #252546) (*pro hac vice*)
Vincent Y. Ling (CA #325228) (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
(213) 683-9100
gregory.stone@mto.com
eric.tuttle@mto.com
blanca.young@mto.com
adam.lawton@mto.com
vincent.ling@mto.com

5

Lionel M. Lavenue
Virginia Bar No. 49,005
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
1875 Explorer St., Suite 800
Reston, VA 20190
(571) 203-2700
lionel.lavenue@finnegan.com

**ATTORNEYS FOR DEFENDANT
PNC BANK, N.A.**

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 13, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the Parties met and conferred telephonically regarding the foregoing matters on October 12, 2021.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT