**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**PNC BANK, N.A.,**<br><br>Defendant. | Civil Action No. 2:21-cv-00246-JRG (LEAD); 2:22-cv-00193-JRG<br><br>████████████ |

**PNC BANK, N.A.'S OPPOSED MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

Page

I.     PNC MIL NO. 1:  PRECLUDE ANY REFERENCE TO THE WELLS FARGO LITIGATION OR SETTLEMENT ...........................................................................1

II.    PNC MIL NO. 2:  PRECLUDE ANY EVIDENCE OR ARGUMENT THAT PNC COPIED, STOLE, TOOK, OR MONITORED USAA'S TECHNOLOGY .......................1

III.   PNC MIL NO. 3:  PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH FRE 407 (REMEDIAL MEASURES) ...................................................................2

IV.    PNC MIL NO. 4: PRECLUDE EVIDENCE OR ARGUMENT BARRED BY FRE 408 ...............................................................................................................2

V.     PNC MIL NO. 5: PRECLUDE REFERENCE TO CHANGE IN PNC LEAD COUNSEL OR EXPERTS ...................................................................................3

VI.    PNC MIL NO. 6: PRECLUDE REFERENCE TO IRRELEVANT, PREJUDICIAL LARGE FINANCIAL NUMBERS SUCH AS AMOUNT ON DEPOSIT AND/OR VOLUME OF CHECKS DEPOSITED AT PNC ...........................4

VII.   PNC MIL NO. 7: PRECLUDE REFERENCE TO NON-COMPARABLE WELLS FARGO, ZELLE, AND ATM AGREEMENTS ......................................................5

VIII.  PNC MIL NO. 8: PRECLUDE REFERENCE TO DEATHS OF USAA EMPLOYEES, FORMER EMPLOYEES, OR FAMILY MEMBERS ...........................5

IX.    PNC MIL NO. 9:  PRECLUDE EVIDENCE OR ARGUMENT REGARDING EQUITABLE DEFENSES ................................................................................6

X.     PNC MIL NO. 10:  PRECLUDE EVIDENCE OR ARGUMENT REGARDING PRETRIAL PROCEEDINGS OR ISSUES NOT PRESENTED AT TRIAL ....................7

XI.    PNC MIL NO. 11: PRECLUDE EVIDENCE NOT TIMELY PRODUCED IN DISCOVERY...........................................................................................................7

XII.   PNC MIL NO. 12: PRECLUDE ANY SUGGESTION THAT PNC INFRINGED DURING PERIODS WHERE NO DAMAGES ARE SOUGHT ....................................8

XIII.  PNC MIL NO. 13: PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PNC'S FINANCIAL SIZE, WEALTH, OR EXECUTIVE COMPENSATION ................9

XIV.   PNC MIL NO. 14: PRECLUDE ANY SUGGESTION THAT PNC'S EXPRESS FUNDS OR OTHER PRODUCTS ARE USURIOUS, PREDATORY, OR SIMILAR TO "PAY DAY" LOANS .................................................................................9

XV.    PNC MIL NO. 15: PRECLUDE ANY SUGGESTION THAT PNC KNEW ABOUT THE ASSERTED PATENTS BEFORE THEY ISSUED .................................10

XVI.   PNC MIL NO. 16: PRECLUDE ANY EVIDENCE OR ARGUMENT THAT USAA's MOBILE APP PRACTICES USAA'S PATENT CLAIMS EXCEPT WHERE SUPPORTED BY EXPERT OPINION ............................................................10

i

XVII.  PNC MIL NO. 17: PRECLUDE ANY TESTIMONY BY FACT WITNESSES THAT PATENT CLAIMS ARE OR ARE NOT PRACTICED .......................................11

XVIII. PNC MIL NO. 18: PRECLUDE ANY MODIFICATION OR FABRICATION OF DOCUMENTS IN DEMONSTRATIVES .................................................................11

XIX.   PNC MIL NO. 19: PRECLUDE ANY SUGGESTION THAT PNC INFRINGED PRIOR TO ISSUANCE OF THE ASSERTED PATENTS .............................................13

XX.    PNC MIL NO. 20: PRECLUDE ANY EVIDENCE OR ARGUMENT THAT THERE WAS NO "PNC EFFORT TO AVOID INFRINGEMENT" PRIOR TO NOTICE OF ALLEGED INFRINGEMENT .......................................................................14

XXI.   PNC MIL NO. 21: PRECLUDE ANY EVIDENCE OR ARGUMENT DISPARAGING PRIOR ART FOR ORIGINATING FROM ANOTHER COUNTRY ...............................................................................................................................14

XXII.  PNC MIL NO. 22: PRECLUDE ANY EVIDENCE OR ARGUMENT DISPARAGING PRIOR ART PUBLICATIONS BECAUSE THEY WERE ABANDONED ...........................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acorn Semi, LLC v. Samsung Electronics Co.,*
No. 2:19-cv-347-JRG (E.D. Tex. Apr. 29, 2021), Dkt. No. 331 .........................................7

*Centricut, LLC v. Esab Group, Inc.*,
390 F.3d 1361 (Fed. Cir. 2004)...................................................................................10

*Cornell Univ. v. Hewlett–Packard Co.*,
No. 01–CV–1974, Dkt. No. 996 (N.D.N.Y. May 8, 2008) (Rader, J.) ...............................3

*De La Vega v. Microsoft Corp*,
No. W-19cv-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...................................13

*GS Cleantech Corp. v. Adkins Energy LLC*,
951 F.3d 1310 (Fed. Cir. 2020)......................................................................................6

*Hillman Grp., Inc. v. KeyMe, LLC*,
No. 2:19-CV-209-JRG, 2021 WL 1248180 (E.D. Tex. Mar. 30, 2021)...........................9

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
No. 4:14-CV-371, 2016 WL 3902447 (E.D. Tex. Feb. 1, 2016).........................................7

*Innovation Scis., LLC v. Amazon.com, Inc.*,
No. 4:18-CV-000474, 2020 WL 4884000 (E.D. Tex. Aug. 20, 2020) ...............................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012)..........................................................................................5

*Nida v. Plant Prot. Ass'n Nat'l*,
7 F.3d 522 (6th Cir. 1993) ..............................................................................................8

*Old Chief v. United States*,
519 U.S. 172 (1997)........................................................................................................6

*Packet Intel. LLC v. NetScout Sys., Inc.*,
No. 2:16-CV-147-JRG, 2017 WL 11631146 (E.D. Tex. Sept. 29, 2017) .........................7

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)......................9

*PB Farradyne, Inc. v. Peterson*,
No. 05-3447-SL, 2006 WL 2578273 (N.D. Cal. Sep. 6, 2006) .......................................14

*Pioneer Corp. v. Samsung SDI Co.*,
No. 2:06-CV-384 (DF), 2008 WL 11344761 (E.D. Tex. Oct. 2, 2008) ............................3

*Pope v. Federal Express Corp.*,
    974 F.2d 982 (8th Cir. 1992) ................................................................................................12

*Proveris Scientific Corp. v. Innovasystems, Inc.*,
    536 F.3d 1256 (Fed. Cir. 2008).............................................................................................10

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 2:13-cv-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ..........................9

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    769 F.3d 1073 (Fed. Cir. 2014).............................................................................................11

*State Indus. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)...............................................................................................2

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
    No. 9:09-CV-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011).....................................2, 9

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)............................................................................................4, 9

*United Services Automobile Association v. PNC Bank, N.A.*,
    No. 2:20-cv-319-JRG-REP (E.D. Tex. 2020)......................................................................1, 9

*Utilities Optimization Grp., L.L.C. v. Temple-Inland, Inc.*,
    No. 1:08-CV-68-TH, 2010 WL 11530725 (E.D. Tex. Jan. 12, 2010) ...................................2

*Vasudevan Software, Inc. v. TIBCO Software, Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ....................................10

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014)................................................................................................5

*WAPP Tech Ltd. v. Seattle Spinco, Inc.*,
    No. 4:18-cv-469-ALM, Dkt. No. 423 (E.D. Tex. Feb. 22, 2021).............................................4

*Welker Bearing Co. v. PHD, Inc.*,
    550 F.3d 1090 (Fed. Cir. 2008)..............................................................................................13

*Western Union Co. v. MoneyGram Payment Sys., Inc.*,
    626 F.3d 1361 (Fed. Cir. 2010)................................................................................................5

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010)................................................................................................5

**STATUTES, RULES, AND REGULATIONS**

35 U.S.C. § 102..........................................................................................................................14

35 U.S.C. § 287 ................................................................................................................8

Fed. R. Evid. 401 ...............................................................................1, 6, 8, 9, 10

Fed. R. Evid. 402 ........................................................................................1, 8, 9

Fed. R. Evid. 403 ............................................................4, 6, 8, 10, 13, 14

Fed. R. Evid. 404 .............................................................................................10

Fed. R. Evid. 407 ...............................................................................................2

Fed. R. Evid. 408 ..........................................................................................2, 3

Defendant PNC Bank, N.A. respectfully moves the Court *in limine* for an order excluding any reference, evidence, testimony, or arguments concerning the following topics.

## I.   PNC MIL NO. 1:  PRECLUDE ANY REFERENCE TO THE WELLS FARGO LITIGATION OR SETTLEMENT

Under Federal Rules of Evidence 402 and 403, the Court should preclude any evidence or argument regarding USAA's litigation against Wells Fargo including the complaint, news reports, litigation filings, trials, verdicts, and settlement.  This evidence is irrelevant and its probative value, if any, is substantially outweighed by the extreme danger of unfair prejudice, confusion, and delay. Fed. R. Evid. 401, 402, 403.  The grounds for excluding the *Wells Fargo* litigation are even more compelling here than in *United Services Automobile Association v. PNC Bank, N.A.*, No. 2:20-cv-319-JRG-REP (E.D. Tex. 2020) ("PNC1/2") because **none of the Asserted Patents** was tried in *Wells Fargo* and thus *Wells* has negligible probative value, if any.  *See* Ex. 1, PNC 1/2, Dkt. No. 579 at 7-8; Ex. 2, PNC 1/2, March 24, 2022 Pretrial Conf. Tr. at 60, 76.

## II.   PNC MIL NO. 2:  PRECLUDE ANY EVIDENCE OR ARGUMENT THAT PNC COPIED, STOLE, TOOK, OR MONITORED USAA'S TECHNOLOGY

USAA should be precluded from presenting evidence or argument that PNC copied, stole, took, or monitored USAA's mobile app or other technology, without any tie to the asserted patent claims.   Such evidence is not relevant to or probative of willfulness or any other issue because it has no nexus to the claimed invention.  *See e.g.*, Ex. 3, PNC 1/2 Trial Tr. vol. 1 at 144:11-15 ("PNC's game plan from their own documents was **to take USAA's technology**."), 144:18-23 ("PNC coveted USAA's technology, and **they took USAA's technology**."), 150:5-6 ("[T]hey launched their product **after our products** had been filed."); Ex. 4, PNC 1/2 Trial Exhibit PDX1.55 ("I've seen the App.").

The Federal Circuit has recognized that incorporating unclaimed product features from a competing product "is not the kind of behavior courts have categorized in the past as willful

1

infringement." *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235 (Fed. Cir. 1985). Allowing irrelevant evidence or argument on these issues would be unfairly prejudicial to PNC because it risks the jury punishing PNC for conduct unrelated to the alleged patent infringement. This Court excluded such evidence and argument in *Wells Fargo* (*see* No. 2:18-cv-245-JRG, Dkt. No. 294 at 11; No. 2:18-cv-366-JRG, Dkt. No. 188 at 6), and it should do so here for the same reasons. In the alternative, if the Court permits USAA to suggest that PNC monitored, took, copied, or stole any of USAA's technology, the Court should clarify that PNC may show that there are significant differences between the accused aspects of PNC's mobile app and USAA's mobile app.

### III.    PNC MIL NO. 3:  PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH FRE 407 (REMEDIAL MEASURES)

USAA should be precluded from suggesting that PNC's design-around admits liability or was created because PNC believed it infringed. Fed. R. Evid. 407 (Evidence of subsequent remedial measures "is not admissible to prove . . . culpable conduct."); *see also Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2011 WL 7563868, at *3 (E.D. Tex. Sept. 23, 2011) (granting motion *in limine* under Rule 407 to exclude argument that defendant's replacement of an accused device component is evidence that it infringes the asserted patents).

### IV.    PNC MIL NO. 4: PRECLUDE EVIDENCE OR ARGUMENT BARRED BY FRE 408

The Court should exclude evidence or argument barred by Federal Rule of Evidence 408, including reference to letters sent by USAA to PNC *after litigation had already commenced*.

Rule 408 makes offers "attempting to compromise the claim" and "conduct or a statement made during compromise negotiations" generally inadmissible. Fed. R. Evid. 408. This Court has made clear that such evidence is not properly admitted to prove, for example, willfulness, liability, amount of liability, or validity. *See, e.g.*, *Utilities Optimization Grp., L.L.C. v. Temple-Inland,*

2

*Inc.*, No. 1:08-CV-68-TH, 2010 WL 11530725, at *4 (E.D. Tex. Jan. 12, 2010); *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-CV-000474, 2020 WL 4884000, at *1 (E.D. Tex. Aug. 20, 2020).

In PNC 1/2, Judge Payne expressly excluded evidence concerning or constituting USAA's Rule 408 correspondence to PNC, including the October 15, 2020 letter previously marked as Exhibit 0014, and identified in the current case as PX0147, and the October 22, 2020 letter identified in the current case as DX-1724. Ex. 5, PNC 1/2 May 2, 2022 Pretrial Conf. Tr. at 91:18-20, 92:21-23, 93:6. Nonetheless, over PNC's objection at trial and notwithstanding the Court's prior ruling, ***USAA questioned its employee*** Mr. Wilkinson on "PNC's response" to the October 15, 2020 and October 22, 2020 Rule 408 post-litigation letters and even used the testimony from Mr. Wilkinson referencing those letters in its closing demonstratives. Ex. 6, PDX20.52; Ex. 7, PDX 20.18; Ex. 3, PNC 1/2 Trial Tr. vol. 1 at 198:25-199:7. This was plainly an attempt to rebut PNC's defense to USAA's willfulness allegation. This Court has rejected "attempts" at an "'end run' around Rule 408" by contending that evidence of settlement negotiations was admissible as to "allegations of willful infringement." *Pioneer Corp. v. Samsung SDI Co.*, No. 2:06-CV-384 (DF), 2008 WL 11344761 (E.D. Tex. Oct. 2, 2008), at *5 (citing *Cornell Univ. v. Hewlett–Packard Co.*, No. 01–CV–1974, Dkt. No. 996 at 4–6 (N.D.N.Y. May 8, 2008) (Rader, J.)). In the alternative, if the Court allows USAA to discuss or refer to any communications or correspondence regarding licensing demands or settlement of litigation, the Court should permit PNC to introduce or discuss other parts of that or other settlement or mediation-related discussions.

## V.    PNC MIL NO. 5: PRECLUDE REFERENCE TO CHANGE IN PNC LEAD COUNSEL OR EXPERTS

USAA should be precluded from introducing evidence or argument that PNC has different lead counsel or expert witnesses in this case as compared with PNC1/2. The identity of PNC's

lead counsel is irrelevant to the jury's consideration of the case, and there is no legitimate basis for USAA to discuss that before the jury. *See* Ex. 8, *WAPP Tech Ltd. v. Seattle Spinco, Inc.*, No. 4:18-cv-469-ALM, Dkt. No. 423 at 3 (E.D. Tex. Feb. 22, 2021) (excluding references to change of counsel). Similarly, USAA should not be permitted to discuss that PNC's experts Drs. Alan Bovik and Omid Kia testified in PNC1/2, but will not testify in this case. USAA has suggested, through the depositions of PNC's experts in this case, that it intends to raise these issues at trial. Ex. 9, Peterson Dep. at 236:22-237:4 (██████████████████████████████████████████████████████████████████████████████████████████████); Ex. 10, Gray Dep. at 225:18-21 (███████████████████████████████████████; Ex. 11, Davis Dep. at 38:24-39:1 ████████████████████████████████ ███████). Evidence and argument concerning that issue should be excluded under Rule 403 because it would improperly invite the jury to speculate about the reasons for the different counsel and experts between the two cases and draw negative inferences against PNC.

## VI.    PNC MIL NO. 6: PRECLUDE REFERENCE TO IRRELEVANT, PREJUDICIAL LARGE FINANCIAL NUMBERS SUCH AS AMOUNT ON DEPOSIT AND/OR VOLUME OF CHECKS DEPOSITED AT PNC

Evidence or argument referring to irrelevant large financial numbers or metrics, such as the amount on deposit at PNC or the total dollar amount of checks deposited using MRDC, should be precluded. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (stating that such numbers "cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component"). USAA concedes such numbers, including "the value of deposits that are generated by MRDC; the entire profits of MRDC checking accountings; [and] the entire profits from customers that use MRDC" have ***no*** probative value. Dkt. No. 160 at 1 (conceding that USAA's expert does not rely on these numbers). But such information would almost certainly mislead the jury and unfairly prejudice PNC. *See Uniloc*, 632 F.3d at 1320; Fed.

4

R. Evid. 403.  Moreover, USAA has previously demonstrated that it will attempt to use that information to skew the jury's perception of damages—the very purpose *Uniloc* forbids—including, for example, in cross-examining PNC's damages expert (Ex. 12, PNC1/2 Trial Tr. vol. 4 at 1060:10-17) and in closing argument (Ex. 13, PNC 1 PDX20.131 (highlighting dollar amount of MRDC deposits)).  The Court should preclude this improper tactic here.  *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012); *see also Western Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1372-73 (Fed. Cir. 2010) (reversing denial of JMOL of obviousness in part because evidence that defendant "had been transferring billions of dollars" was not sufficiently tied to the claimed invention to support non-obviousness).

## VII.  PNC MIL NO. 7: PRECLUDE REFERENCE TO NON-COMPARABLE WELLS FARGO, ZELLE, AND ATM AGREEMENTS

Non-comparable licenses are not probative of hypothetical negotiation in this case, present a high risk of misleading the jury and prejudicing PNC, and should be precluded.  *See LaserDynamics, Inc.*, 694 F.3d at 77; *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010).  In addition to the Wells Fargo settlement (*see* PNC MIL No. 2), these also include the Zelle and ATM agreements.  *See* Dkt. No. 118 at 13-14 (*Wells Fargo*), 14-15 (Zelle and ATM).

## VIII.  PNC MIL NO. 8: PRECLUDE REFERENCE TO DEATHS OF USAA EMPLOYEES, FORMER EMPLOYEES, OR FAMILY MEMBERS

The Court should preclude USAA from referencing the death of any person or the circumstances related to those deaths.  USAA did precisely that in PNC1/2.  During trial, USAA highlighted the passing of its inventor Chuck Oakes, even showing the jury photos from Oakes's memorial service slideshow.   Ex. 3, PNC 1/2 Trial Tr. vol. 1 at 183:7-24; Ex. 14, PDX 20.21.

USAA also unnecessarily highlighted USAA inventor Bharat Prasad's father passing away in a foreign military exercise. Ex. 15, PNC 1/2 Trial Tr. vol. 2 at 267:19-268:11.

Such evidence and arguments are utterly irrelevant to whether the asserted patent claims are valid or whether PNC infringes them. Rather, it only serves to arouse the sympathies of and/or distract the jury by making an emotional appeal, which contravenes one of the core purposes of Federal Rule of Evidence 403. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (noting that Rule 403 authorizes exclusion of evidence where "its probative value is substantially outweighed by the danger of unfair prejudice," and that "unfair prejudice," in the context of Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one") (citations and internal quotation marks omitted). Such evidence should therefore be excluded under Federal Rules of Evidence 401 and 403 because it is irrelevant and creates a significant risk of unfair prejudice by improperly playing to the sympathies of the jury.

## IX. PNC MIL NO. 9: PRECLUDE EVIDENCE OR ARGUMENT REGARDING EQUITABLE DEFENSES

USAA should be precluded from offering evidence or argument before the jury regarding its equitable defenses, specifically including any allegations of inequitable conduct with respect to PNC's asserted '786 and '788 patents. Those issues are for the Court, not the jury. *See, e.g.*, *GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1331 (Fed. Cir. 2020). Evidence or argument regarding those defenses is irrelevant to the jury's consideration of the case and would be unfairly prejudicial, cause confusion, and waste time. Fed. R. Evid. 402, 403. This Court has thus regularly excluded such evidence and argument, including when it prevented PNC from adducing evidence of prosecution history estoppel and unclean hands in PNC1/2, instead reserving

6

those issues for after trial.  *See, e.g*, *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2:16-CV-147-JRG, 2017 WL 11631146, at *1 (E.D. Tex. Sept. 29, 2017).  It should do so here, too.

## X.    PNC MIL NO. 10:  PRECLUDE EVIDENCE OR ARGUMENT REGARDING PRETRIAL PROCEEDINGS OR ISSUES NOT PRESENTED AT TRIAL

USAA should be precluded from referring to pretrial proceedings or rulings, or to any claims or defenses that are not being asserted at this trial or which were not asserted in PNC1/2, such as patent claims previously asserted by either party in this action and then subsequently dropped prior to trial.  Similarly, neither party should be permitted to reference invalidity defenses for patents asserted in this action where such defenses have been expressly dropped prior to trial. Such matters are irrelevant and present a high risk of juror confusion.  Courts in this district routinely grant motions *in limine* along these lines.  *See, e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 3902447, at *1-2 (E.D. Tex. Feb. 1, 2016); Ex. 1, PNC 1/2, Dkt. No. 579 at 12 (excluding evidence and argument regarding claims and defenses dropped prior to trial); Ex. 16, *Acorn Semi, LLC v. Samsung Electronics Co., Ltd.*, No. 2:19-cv-347-JRG (E.D. Tex. Apr. 29, 2021), Dkt. No. 331 at 19 (granting defendant's motion *in limine* to exclude evidence or argument regarding pretrial rulings).

## XI.    PNC MIL NO. 11: PRECLUDE EVIDENCE NOT TIMELY PRODUCED IN DISCOVERY

USAA should be precluded from relying on evidence not obtained or disclosed before the close of discovery in this case.  Fact discovery closed on March 21, 2022.  Yet USAA has nevertheless continued to seek discovery well after the discovery cutoff.  For example, on June 13 and 21, 2021, USAA purported to serve subpoenas seeking documents and testimony from over a dozen third parties.  *See* Exs. 17, 18.  USAA has not sought leave to reopen discovery, and PNC's pretrial preparations have been prejudiced by USAA's untimely efforts to obtain additional discovery.  In PNC1/2, the Court sustained USAA's objection to evidence produced after the close

of discovery. *See* Ex. 19, PNC1/2 Apr. 8, 2022 Pretrial Conf. Tr. 192:14-15 (The Court: "If it wasn't produced during the discovery period, it can't be used."). The Court should similarly enforce the discovery deadlines here.

## XII.    PNC MIL NO. 12: PRECLUDE ANY SUGGESTION THAT PNC INFRINGED DURING PERIODS WHERE NO DAMAGES ARE SOUGHT

USAA should be precluded from offering evidence or argument that PNC infringed any of the asserted patents outside of the periods for which USAA seeks, and could recover, damages. First, the earliest date that USAA alleges that the Deposit@Mobile application was marked is ███████████████████████████████████████████. Ex. 20, USAA's First Supplemental Response to PNC's First Set of Interrogatories (No. 6). USAA does not otherwise allege that it provided notice to PNC of alleged infringement prior to those dates. Although USAA contends the earliest marking date for ████████████████████████████, the earliest marking date for which it has provided evidence is ███████████. Thus, USAA cannot recover damages prior to the earliest marking date for each patent. 35 U.S.C. § 287. Second, USAA has represented that it will not seek damages from July 3, 2018 through July 27, 2021. Dkt. No. 160 at 3. Accordingly, evidence or argument of alleged infringement or damages during those periods is not relevant to any issue that the jury will decide and should be excluded. *See* Fed. R. Evid. 401, 402; 22 Wright & Miller, Fed. Prac. & Proc. Evid. § 5164 (2d ed.) (where "the substantive law on its own renders evidence irrelevant," the evidence should be excluded); *see also Nida v. Plant Prot. Ass'n Nat'l*, 7 F.3d 522, 527 (6th Cir. 1993) (excluding evidence of damages that are not at issue). The lack of probative value of this evidence is greatly outweighed by the risk that the jury will improperly inflate damages for the periods during which recover is available based on alleged infringement during periods for which no recovery is available or sought. *See* Fed. R. Evid. 403.

### XIII.    PNC MIL NO. 13: PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PNC'S FINANCIAL SIZE, WEALTH, OR EXECUTIVE COMPENSATION

As it did in PNC1/2, the Court should exclude any reference to PNC's financial size or wealth. That information is irrelevant and would invite the jury to award damages simply because PNC can afford it.  *See* Ex. 1, PNC 1/2, Dkt. No. 579 at 11 (excluding evidence "as to the specific amount of PNC's revenue, wealth, and executive compensation"); *Uniloc*, 632 F.3d at 1320 (evidence of a company's revenues "cannot help but skew the damages horizon for the jury"). This Court has thus routinely excluded such financial metrics from trial, and it should do so here. *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (excluding evidence of defendant's wealth, profits, revenue, and size); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (same).

The Court should also exclude reference to PNC's executive compensation, including for PNC's CEO and other senior executives. This evidence, too has no relevance to any issue in the case.  *See* Fed. R. Evid. 401, 402, 403; *see also Tyco Healthcare Grp. LP*, No. 9:09-CV-176, 2011 WL 7563868, at *4(excluding evidence regarding executive compensation).

### XIV.    PNC MIL NO. 14: PRECLUDE ANY SUGGESTION THAT PNC'S EXPRESS FUNDS OR OTHER PRODUCTS ARE USURIOUS, PREDATORY, OR SIMILAR TO "PAY DAY" LOANS

Consistent with the Court's order excluding the same types of material in PNC1/2 (Ex. 1, Dkt. No. 579 at 11), USAA should be precluded from making derogatory suggestions that PNC's products and services are usurious, predatory, or similar to "payday loans."  Such characterizations have no relevance to the patent issues and will be unfairly prejudicial to PNC.  *See, e.g.*, *Hillman Grp., Inc. v. KeyMe, LLC*, No. 2:19-CV-209-JRG, 2021 WL 1248180, at *6 (E.D. Tex. Mar. 30, 2021) (precluding "derogatory, disparaging, or pejorative references or statements during the

trial"); *see also* Fed. R. Evid. 401, 402, 403, 404.  During discovery, USAA has tried to elicit testimony to that effect (*see, e.g.*, Ex. 21 Webster Dep. at 407:17-409:23), and the Court should rule in advance of trial that such questioning would be improper, as it did in the prior litigation between the parties.

## XV. PNC MIL NO. 15: PRECLUDE ANY SUGGESTION THAT PNC KNEW ABOUT THE ASSERTED PATENTS BEFORE THEY ISSUED

The patents-in-suit issued on December 29, 2015, September 3, 2019, and September 8, 2020, respectively.  Ex. 22, '136 patent; Ex. 23, '638 patent; Ex. 24, '598 patent.  Yet USAA apparently intends to suggest to the jury that PNC knew about "USAA's patents" before the asserted patents actually issued.  Such evidence is irrelevant and unduly prejudicial because "knowledge of the . . . patents['] existence was quite impossible before [they] issued."  *Vasudevan Software, Inc. v. TIBCO Software, Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *2 (N.D. Cal. May 18, 2012).  The Court therefore should preclude USAA from suggesting that PNC knew about USAA's asserted patents prior to their issuance.

## XVI. PNC MIL NO. 16: PRECLUDE ANY EVIDENCE OR ARGUMENT THAT USAA's MOBILE APP PRACTICES USAA'S PATENT CLAIMS EXCEPT WHERE SUPPORTED BY EXPERT OPINION

USAA should be precluded from presenting argument or evidence that USAA practices the asserted patents, except where that argument or evidence is supported by expert testimony.  *See Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369-1370 (Fed. Cir. 2004) (While there is no "per se rule" requiring expert testimony, such testimony may be "important in patent cases involving complex technology such as this one. . . . . We have also noted that 'typically' expert testimony will be necessary in cases involving complex technology.") (citations omitted); *see also Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (affirming district court's requirement of expert testimony to prove invalidity where the "subject matter [of

10

the asserted patent was] sufficiently complex to fall beyond the grasp of an ordinary layperson"); *see also* Ex. 1, PNC1/2, Dkt. 579 at 6 (granting motion *in limine* "that fact witnesses shall not be permitted to testify whether claim limitations are satisfied").  USAA's expert Dr. Creusere stated in his report that ██████████████████████████████ (Creusere Rep. ¶ 773), ██████████████████████████████

██████████████████████████ *See* Ex. 25, Creusere Rep., Exs. C, D, E.  Accordingly, USAA should be precluded from offering evidence or argument regarding USAA's purported practicing of the asserted patents except to the extent it has provided expert testimony on a given claim.

## XVII.  PNC MIL NO. 17: PRECLUDE ANY TESTIMONY BY FACT WITNESSES THAT PATENT CLAIMS ARE OR ARE NOT PRACTICED

The Court should preclude USAA from offering any testimony from a fact witness regarding the presence or absence of any USAA-patent claim limitation in PNC's products or PNC-patent claim limitation in USAA's products.  The Court previously granted USAA's similar motion in PNC1/2.  Ex. 26, PNC1/2, Dkt. 511 at 13; Ex. 1, PNC1/2, Dkt. 579 (granting motion *in limine* is "to the extent that fact witnesses shall not be permitted to testify whether claim limitations are satisfied"); *SSL Servs., LLC v.  Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014) ("[B]eliefs formed by a lay person without the benefit of the court's claim construction determinations render[s] them of little probative value and potentially prejudicial.").  USAA should therefore be precluded from having any fact witness testify as to the presence or absence of any limitation of either party's asserted patents in the accused products.

## XVIII. PNC MIL NO. 18: PRECLUDE ANY MODIFICATION OR FABRICATION OF DOCUMENTS IN DEMONSTRATIVES

The Court should preclude USAA from fabricating or modifying evidence in its demonstratives.  In PNC1/2, USAA: (1) sought to make its demonstratives look like evidence by

11

including trial exhibit sticker stamps on its opening slides (before the Court sustained PNC's objection to the same in the morning conference) (*see* Ex. 27, PDX 5.9 below); and (2) repeatedly attempted to combine different documents or different pieces of the same document, with the resulting image being something that did not appear anywhere in the actual evidence. USAA's originally exchanged opening demonstrative PDX5.9 in PNC1/2 illustrates USAA's highly misleading approach:



First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Second, ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Third and most concerningly, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮. *See also, e.g.,* Ex. 28, PDX 5.10 (in which USAA doctored ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). These and similar manipulations of documents are plainly improper and should be prohibited. *See Pope v. Federal Express Corp.*,

974 F.2d 982, 983 (8th Cir. 1992) (finding "cut and paste composite of other documents" to be a "manufactured document").   To be clear, PNC has no objection to highlighting, call-outs, or enlargement, but doctoring exhibits to create an image that does not actually exist in the exhibit itself is improper, misleading, and prejudicial.

### XIX.   PNC MIL NO. 19: PRECLUDE ANY SUGGESTION THAT PNC INFRINGED PRIOR TO ISSUANCE OF THE ASSERTED PATENTS

USAA should be precluded from offering any evidence or argument that PNC infringed or "used USAA's designs" before the first of the asserted patents issued in 2015.   (*See supra* at 10.) At the trial in PNC1/2, for example, USAA repeatedly argued to the jury that "PNC [was using] USAA's designs" from 2011 to the end of the damages period, even though the first-issued patent in that case issued in 2015.  Ex. 29, PDX20.53.  Such evidence or argument is irrelevant to any issue in the case, given that there can be no infringement before the issuance of the asserted patents. *See De La Vega v. Microsoft Corp*, No. W-19cv-612, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) ("It is axiomatic that a defendant cannot infringe a patent prior to its issuance.") (footnote omitted); *see also Welker Bearing Co. v. PHD, Inc*., 550 F.3d 1090, 1095 (Fed. Cir. 2008) ("[The patentee] may of course obtain damages only for acts of infringement after the issuance of the [ ] patent....") (alterations in the original) (citation and internal quotation marks omitted).

Likewise, any suggestion that PNC was "using USAA's designs" is also irrelevant to the question whether these three specific asserted patents are infringed.  Finally, the lack of probative value of any of this evidence or argument is greatly outweighed by the risk that the jury will improperly credit USAA for having other intellectual property on "designs," assume that PNC used or infringed those designs, and/or inflate damages on those grounds.  *See* Fed. R. Evid. 403.

13

**XX.    PNC MIL NO. 20: PRECLUDE ANY EVIDENCE OR ARGUMENT THAT THERE WAS NO "PNC EFFORT TO AVOID INFRINGEMENT" PRIOR TO NOTICE OF ALLEGED INFRINGEMENT**

USAA should be precluded from offering any evidence or argument that PNC could or should have taken steps to avoid infringement before PNC had any notice of alleged infringement. At the PNC 1/2 trial, for example, USAA repeatedly argued to the jury that there was "No PNC Effort To Avoid Infringement," (Ex. 30, PDX20.56) even though USAA's first notice to PNC that it believed PNC was infringing the patents at issue in PNC1/2 was when it filed its complaint. Such evidence or argument is irrelevant to any issue in the case, given that efforts to avoid infringement—by definition—can only take place *after* a party has notice of the infringement accusation. Given the lack of any probative value of any such evidence or argument, there can be no basis for allowing it at all, and particularly when the risk is substantially outweighed by the likelihood of undue prejudice to PNC from the jury improperly inferring that PNC could or should have done something to avoid infringement before it was on notice that USAA believed PNC infringed. *See* Fed. R. Evid. 403.

**XXI.    PNC MIL NO. 21: PRECLUDE ANY EVIDENCE OR ARGUMENT DISPARAGING PRIOR ART FOR ORIGINATING FROM ANOTHER COUNTRY**

USAA should be precluded from offering any evidence or argument that particular prior art references are any less prior art because they originated from another country. Printed publications, so long as they predate the patent, are prior art under 35 U.S.C. § 102 (pre-AIA). Any narrative by USAA disparaging publications because they originated in another country is legally irrelevant. *See PB Farradyne, Inc. v. Peterson*, No. 05-3447-SL, 2006 WL 2578273, *4 (N.D. Cal. Sep. 6, 2006) (holding that pre-dated "printed publications describing the products, whether published in the United States or elsewhere," constitute prior art).

14

## XXII. PNC MIL NO. 22: PRECLUDE ANY EVIDENCE OR ARGUMENT DISPARAGING PRIOR ART PUBLICATIONS BECAUSE THEY WERE ABANDONED

USAA should be precluded from offering any evidence or argument that particular published prior art references are any less prior art because the inventors ultimately abandoned patent prosecution.  Whether a patent application was ultimately abandoned is not relevant to whether a publication of that application constitutes prior art.  Ex. 31, Creusere Dep. at 130:11-132:2 (USAA's expert testifying that ).  Any such argument regarding why a particular patent application was ultimately abandoned would be misleading, speculative, and would risk confusing the jury.  *See, e.g.*, *id.* at 132:4-10 ███████████████████████████ .

Dated: June 27, 2022

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

Joseph M. Mueller (lead)
Gregory H. Lantier
David L. Cavanaugh (*pro hac vice*)
R. Gregory Israelsen (*pro hac vice*)
Gerard A. Salvatore (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
joseph.mueller@wilmerhale.com
gregory.lantier@wilmerhale.com
david.cavanaugh@wilmerhale.com

greg.israelsen@wilmerhale.com
jerry.salvatore@wilmerhale.com

Andrew J. Danford (*pro hac vice*)
Sarah B. Petty (*pro hac vice*)
Jeannette P. Leopold (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
andrew.danford@wilmerhale.com
sarah.petty@wilmerhale.com
jeannette.leopold@wilmerhale.com

Derek Gosma (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
(213) 443-5308
derek.gosma@wilmerhale.com

*Attorneys for Defendant PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on June 27, 2022, I caused a copy of **PNC Bank, N.A.'s Motions *in Limine*** to be served electronically on counsel of record for Plaintiff United Services Automobile Association.

*/s/ Melissa R. Smith*



## CERTIFICATE OF CONFERENCE

On June 27, 2022, pursuant to Local Rule CV-7(h), Counsel for Defendant met and conferred with Counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*

17