**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**PNC BANK, N.A.,**<br><br>Defendant. | Civil Action No. 2:21-cv-246-JRG (Lead)<br>2:22-cv-00193-JRG |

**PNC BANK'S NOTICE REGARDING ENTRY OF JUDGMENT**

Pursuant to the Court's Order at the January 18, 2023 status conference (Dkt. 415), Defendant PNC Bank, N.A. hereby submits this notice regarding the entry of judgment.

As PNC has consistently stated, *see* Dkts. 406 at 5-7, 410 at 1, no obstacle exists to the entry of final judgment here.  This consolidated case has proceeded through a trial and both parties have expressed their intention not to pursue any outstanding equitable issues post-trial.  The Court has rejected USAA's unprecedented request for a second trial on the patent that USAA voluntarily declined to present at trial.  Dkt. 414.  And though USAA has stated that it intends to move for attorney's fees—even though it lacks any colorable basis for seeking fees—that motion should not, by its own admission, delay the entry of final judgment.  As a result, the Court should enter final judgment.  A proposed final judgment based on the final judgment the Court entered in *PNC1* is attached as Appendix A, and a proposed accompanying order dismissing outstanding equitable issues without prejudice is attached as Appendix B.  The attached proposed judgment and order take the following approach:

- All remaining claims and defenses, for both parties, are dismissed without prejudice.
- Judgment is entered that USAA receives $4,300,000 as a one-time lump sum payment for any past and future sales for PNC's infringement, and that USAA receives pre- and post-judgment interest in accordance with applicable statutes.
- Judgment is entered that USAA did not infringe any of the PNC patent claims asserted at trial, and that those asserted claims are not invalid.
- Judgment is entered that USAA is the prevailing party and shall recover its costs from PNC.

As detailed in the parties' prior joint submission regarding post-trial motions (Dkt. 406), the only outstanding issues are (1) USAA's inequitable conduct and unclean hands defenses to the PNC counterclaim patents, (2) PNC's collateral estoppel defense regarding the patents tried in this case based on the judgment in *PNC1*, and (3) PNC's prosecution history estoppel defense. These defenses do not affect the entry of final judgment, because post-trial developments demonstrate that these issues are moot.

On September 20, 2022, USAA informed PNC that it would not be pursuing its inequitable conduct or unclean hands defenses (i.e., item (1)). *See* Dkt. 406, Ex. A at 3-4 [Email from Stephen Payne to Melissa Smith]. USAA requested a stipulation of dismissal without prejudice. PNC consented. *See* Dkt. 406, Ex. A at 3 [Email from Sarah Petty to Stephen Payne].

On September 30, 2022, PNC informed USAA that it would not be proceeding on its collateral estoppel and prosecution history estoppel defenses (i.e., items (2) and (3)). Dkt. 406, Ex. A at 2 [Email from Greg Lantier to Stephen Payne]. Like USAA, PNC sought a stipulation of dismissal without prejudice of those defenses. PNC sought a dismissal without prejudice solely to avoid waiving any defenses or rights it may have in other cases. USAA opposed PNC's proposal and demanded that dismissal be with prejudice, even though the proposal mirrored USAA's own, to which PNC had agreed. In the November 10, 2022 Joint Notice regarding the post-trial status, PNC confirmed that it would not raise—even in the event of any remand—its collateral estoppel or prosecution history estoppel defenses in this case, and therefore that USAA's demand that those

defenses be adjudicated so that PNC could not raise them on a remand had no merit.  Dkt. 406 at 6.

On January 17, 2023, counsel for PNC and USAA conducted a telephonic meet and confer. During the meet and confer, USAA confirmed that it did not seek a trial on its inequitable conduct or unclean hands defenses at this time, but wanted to be able to raise inequitable conduct in the event of a remand of the PNC counterclaim patents following appeal to the Federal Circuit.  But counsel for USAA stated that USAA would oppose a motion for entry of judgment because dismissal of PNC's equitable defenses should be with prejudice.  Counsel for USAA also stated that USAA would file a motion for attorney's fees, but agreed that such a motion would not pose a barrier to entry of final judgment.  USAA also stated that it was considering filing a motion for an injunction.[1]

There is no reason to withhold dismissal of the outstanding defenses without prejudice.  As the Court observed at the January 18 status conference, the outstanding defenses must be treated in the same manner; it declined to dismiss one party's defense without prejudice and one party's defense with prejudice.  Moreover, any concerns that USAA has about PNC's equitable defenses are unfounded; PNC has made clear that it will not seek to reraise its outstanding equitable defenses for the claims tried to the jury if the infringement judgment is affirmed on appeal, nor would there be any procedural mechanism for PNC to do so.  Dkt. 406 at 6.  However, because those defenses will not be adjudicated on the merits, dismissal with prejudice would be inappropriate because those defenses may be germane to other civil actions and by not pursuing those defenses in this case, PNC does not intend to waive any defenses or rights it may have in other cases.  Accordingly,

---

[1] As the Court is aware, the jury's verdict specifically indicated that its damages award covers all past and future infringement during the life of the asserted patents.  Thus, any request for an injunction would be frivolous.

3

a proposed order granting dismissal of USAA's inequitable conduct and unclean hands defenses as well as PNC's collateral estoppel and prosecution history estoppel defenses without prejudice is attached as Appendix B.  With that order entered, there is no further impediment to entry of final judgment (Appendix A).

To the extent that USAA's concurrent Notice of its position regarding judgment reverses course on dismissal of its equitable conduct defense, then the proper course is to enter judgment under Federal Rule of Civil Procedure 54(b) with respect to Case No. 2:21-cv-246 (USAA's patent assertions against PNC).  There is no reason to further delay entry of judgment on that case.

Dated: January 20, 2023                    Respectfully submitted,

                                           */s/ Gregory H. Lantier*

                                           Melissa R. Smith
                                           Texas State Bar No. 24001351
                                           GILLIAM SMITH LLP
                                           303 S. Washington Ave.
                                           Marshall, TX 75670
                                           (903) 934-8450
                                           melissa@gillamsmithlaw.com

                                           Gregory H. Lantier (*pro hac vice*)
                                           WILMER CUTLER PICKERING HALE AND DORR LLP
                                           1875 Pennsylvania Avenue, NW
                                           Washington, DC 20006
                                           (202) 663-6000
                                           gregory.lantier@wilmerhale.com

                                           Joseph Mueller (pro hac vice)
                                           Andrew J. Danford (*pro hac vice*)
                                           Sarah B. Petty (*pro hac vice*)
                                           WILMER CUTLER PICKERING HALE AND DORR LLP
                                           60 State Street
                                           Boston, MA 02109
                                           (617) 526-6000
                                           Joseph.mueller@wilmerhale.com
                                           andrew.danford@wilmerhale.com

sarah.petty@wilmerhale.com

Derek Gosma (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, CA 90071
(213) 443-5308
derek.gosma@wilmerhale.com

*Attorneys for Defendant PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on January 20, 2023.

*/s/ Meissa R. Smith*
Melissa R. Smith